IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 OCT 11  A 9:52

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CR. NO. 2:06CR-215-MEF |
| ) | |
| ) | |
| HARRY EDWARD JONES, III, ) | |
| ) | |
| Defendant. ) | |

## MOTION IN LIMINE—HEARSAY STATEMENTS OF CO-CONSPIRATORS

**COMES NOW** the Defendant, Harry Edward Jones, III, by and through his counsel, and moves this Court to enter an order prohibiting the Government from eliciting testimony from unindicted co-conspirators/ co-defendants, and as grounds therefore, state as follows:

1. The Government's investigation into your Defendant has been led to believe that the Government theorizes that persons presently unindicted were, to some degree, culpable with regard to the transaction for which your Defendant has been indicted. The persons believed to be Involved under the Government's theory are presently unknown to the Defendant.

2. Your Defendants believed that such persons have been interviewed by Government agents and/or have offered testimony before

the Federal Grand Jury that indicted your Defendant. Your Defendant, therefore, believe that such persons may be called as Government witnesses before the trial jury.

3. The statements that Defendant fears will be introduced Constitute hearsay or multiple hearsay.

## ARGUMENT

The statements are not admissible as statements of co-conspirators under F.R.E., Rule 801 (d)(2)(e) because the statements were not made by co-conspirators of the Defendant during the course and in furtherance of a conspiracy. The statements, if they were made, were mere idle conversation that did not further the objectives of a conspiracy. A statement of one co-conspirator to another that is mere idle conversation and does not further the objectives of the conspiracy should not be admitted. U. S. v Posner, 764 F.2d 1535 (11th Cir. 1985); U. S. v Urbanik, 801 F. 692 (4th Cir. 1986); U. S. v. Johnson, 927 F.2d 999 (7th Cir. 1991). The alleged statements were narrative discussions of past events, which were not designed to further the goals of a conspiracy. Narrative discussions of past events, which are not designed to further the goals of a conspiracy, are not admissible. Idle gossip or chatter is not admissible. U. S. v. Doerr, 886 F.2d 944 (7th Cir 1989). A statement made to impress a witness, rather than to further a conspiracy, should not be admitted. U. S. v Snider, 720 F2d

985 (8th Cir. 1983).

In considering the reliability of co-conspirators' statements, the courts have generally required that the declarant have personal knowledge of the facts. <u>Dutton v. Evans</u>, 400 U. S. 74, 91 S. Ct. 210, 27 L.Ed 213 (1970). In addition, F.R.E., Rule 602 provides that a witness may not testify to a matter unless he has personal knowledge of the matter. The above statements contain hearsay allegations containing information about which the declarants did not have personal knowledge.

To the extent that the above statements consists of statements by co-conspirators containing information they were told, the statements constitute double or multiple hearsay. It is anticipated that the Government may seek to elicit testimony by a witness or co-conspirator as to statements by other co-conspirators containing information that was told to those co-conspirators. To qualify for admission under F.R.E., Rule 805, the various levels of hearsay must qualify for admission under an exception to the hearsay rule. <u>U.S. v. Pendas-Martinez</u>. 845 F. 2d 938 (11th Cir 1988). The proponent of the evidence has the burden of establishing the admissibility of each facet of the evidence. The "hearsay within hearsay" contained in the above is inadmissible as mere idle conversation, narratives of past events or statements of opinion. Where double and triple hearsay is involved, experience teaches that an inverse relationship exists between the reliability of a statement and the number of hearsay statements it contains. Consequently, testimony by one co-conspirator as to what he was told by other co-conspirators

is inadmissible. <u>Carden v. Westinghouse elec. Co.,</u> 850 F2d 996 (3rd Cir. 1988).

Defendant expect that the Government may elicit opinion testimony of what the witness thinks Defendants Jones and Coleman knew or did at a certain time. Opinion testimony that a defendant may have engaged alleged illegal activity is inadmissible. F. R. E., Rule 701 provides that if a witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue. As pointed out in the notes of the advisory committee, limitation (a) is the familiar requirement of first-hand knowledge or observation. <u>Meder v. Everest & Jennings,</u> 637 F.2d 1182 (8th Cir. 1981). The testimony of a witness' opinion that a defendant knew or was aware of illegal activity is irrelevant and inadmissible. A lay person's opinion is inadmissible where it addresses matters which are within the ability of jurors to understand and determine. <u>McGowan v. Cooper Industries, Inc.,</u> 863 F2d 1266 (6th Cir 1988). It is an abuse of discretion to admit testimony as to what an accused "had to know". <u>U.S. v. Rea,</u> 958 F2d 1206 (2nd Cir. 1992). Testimony regarding the state of mind of an accused, whether he understood something, is not admissible. <u>U. S. v. Brown, 938 F2d 1492</u> (1st Cir. 1991). To allow them into evidence would invade the province of the jury.

**CONCLUSION**

Hearsay and/or multiple hearsay is not admissible unless fitting within a specific exception. Mere idle conversation or narratives of past events do not fit within an applicable exception. Where statements of co-conspirators or co-defendants are not made in furtherance of the conspiracy, then they do not fit within F.R.E. 801(d)(2)(e). Opinion testimony not based upon personal knowledge or observation is inadmissible.

For all of the reasons set forth herein, the Defendant request an order from the Court ordering the Government, in limine, not to question or reference the matters set forth herein and to instruct their witnesses accordingly.

**Respectfully submitted** on this the 11th day of October 2006.


_____
**RODNEY NEWMAN CAFFEY (CAF002)
Attorney for Defendant**

ADDRESS OF COUNSEL:

P.O. Box 2012

Montgomery, AL 36102

Telephone: (334) 220-4310

### CERTIFICATE OF SERVICE

I hereby certify that I have electronically served a copy of the foregoing document on: Terry F. Moorer, Esq.; Christine A. Freeman, Esq.; and Joe M. Reed, Esq., on this the, 11th day of October 2006.

Rodney Newman Caffey