IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) |
| vs. | ) CASE NO. 2:06-CR-215-SRW-MEF ) |
| SANTO COLEMAN, et al., | ) ) ) |

**MEMORANDUM IN SUPPORT OF THE UNITED STATES'
MOTION TO DISMISS THE INDICTMENT WITHOUT PREJUDICE**

COMES NOW the United States of America, by and through its attorney, Leura G. Canary, United States Attorney, and responds to this Court's Order as follows:

**I. PROCEDURAL HISTORY AND RELEVANT FACTS**

On September 7, 2006, Defendants/Movants Santo Coleman, Alberto Villareal and Harry Edward Jones, Jr. were indicted by a grand jury for the Middle District of Alabama. The indictment charged that the co-defendants violated 21 U.S.C. §§ 841(a)(1) and 846 by conspiring to distribute approximately 3 kilograms of cocaine, a Schedule II Controlled Substance. Doc. # 28.

Villereal is currently a fugitive, while Coleman and Jones are in custody. The United States filed a motion to dismiss the charges against Coleman and Jones without prejudice. The United States cannot present the statements of Villereal against Coleman and Jones without violating <u>Bruton v. United States</u>, 391 U.S. 123, 88 S.Ct. 1620 (1968). This Court has requested authority for the course of action.

A Rule 48(a) motion to dismiss for unavailability of witnesses is a valid reason to grant the motion without prejudice. <u>United States v. Palomares</u>, 119 F.3d 556, 559 (7th Cir.1997). The

Government plans to re-file the case against the defendant as soon as Villereal is located and brought before this Court. The Rule 48(a) dismissal is appropriate so long as the defendant is clearly apprised of the Government's reasons for the dismissal without prejudice. United States v. Strayer, 846 F.2d 1262 (10th Cir.1998). This is not a case where the request for a dismissal without prejudice is prompted by considerations clearly contrary to the public interest or a motive for prosecutorial harassment of the defendant by charging, dismissing and recharging. See United States v. Wallace, 848 F.2d 1464, 1468 (9th Cir.1988). The instant case is simply one where defendant Villareal is unavailable to testify.

The United States submits the motion to dismiss without prejudice is appropriate inasmuch as the United States should be allowed to serve the public interest in bringing the best case possible before the petit jury. To dismiss the case without prejudice will allow the United States to build its' best case minus the testimony of defendant Villareal.

> [T]he prosecutor is "the first and presumptively the best judge of whether a pending prosecution should be terminated," United States v. Cowan, 524 F.2d 504, 513 (5th Cir.1975), a district court under Rule 48(a) has discretion to deny a government's dismissal motion if that motion is prompted by considerations clearly contrary to the public interest, see Rinaldi v. United States, 434 U.S. at 29 n. 15, 98 S.Ct. at 85 n. 15; United States v. Weber, 721 F.2d at 268, or if the dismissal would contribute to prosecutorial harassment by subjecting a defendant to "charging, dismissing, and recharging." Rinaldi, 434 U.S. at 29 n. 15, 98 S.Ct. at 85 n. 15; Weber, 721 F.2d at 268. A fundamental consideration in assessing the propriety of a prosecutor's dismissal motion is whether the motion is made in "good faith." United States v. Salinas, 693 F.2d 348, 351 (5th Cir.1982).

United States v. Wallace, 848 F.2d at 1468.

In the case at bar, the United States needs additional time to develop its case and to potentially try all of the defendants in a joint trial. In the meantime, the United States will need

2

additional time to develop its strongest case should Defendant Villereal not be found before the statute of limitations runs.  Should the District Court intend to grant the motion with prejudice, the United States asks that the case against the defendants not be dismissed, and that the case proceed to trial during the trial term which begins on November 27, 2006.

    Respectfully submitted this 21st day of November, 2006.

                  Respectfully submitted,

                  LEURA G. CANARY
                  UNITED STATES ATTORNEY

                  /s/ Terry F. Moorer
                  TERRY F. MOORER
                  Assistant United States Attorney
                  Post Office Box 197
                  Montgomery, Alabama 36101-0197
                  (334) 223-7280
                  (334) 223-7135 fax
                  terry.moorer@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:06-CR-215-SRW-MEF |
| | ) | |
| **SANTO COLEMAN, et al.,** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Joe M. Reed, Rodney Caffey, and Tiffany McCord.

    Respectfully submitted,

    LEURA G. CANARY
    UNITED STATES ATTORNEY


    /s/ Terry F. Moorer
    TERRY F. MOORER
    Assistant United States Attorney
    Post Office Box 197
    Montgomery, Alabama 36101-0197
    (334) 223-7280
    (334) 223-7135 fax
    terry.moorer@usdoj.gov