**IN THE UNTIED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **V.** ) | **Case No.2: 06-CR-215** |
| **SANTO COLEMAN, et al.** ) | |

**DEFENDANTS OBJECTION TO PLAINTIFF'S MOTION TO CONTINUE**

Now come the defendants, Santo Coleman and Harry Jones, by and through the undersigned counsel of record, and hereby object to the United States' motion to continue. As grounds for such motion, the defendants submit the following:

1. The United States moves this Court for a continuance in the above styled cause.

2. The Court has already ruled on the essence of the Government's motion to continue, see Doc. #95, which was to give the Government time to produce defendant Alberto Villarreal for trial, when it denied the Government's motion to dismiss without prejudice, filed on November 21, 2006. See Doc. #90

3. The Government renews its motion to dismiss the indictment by coloring it as a motion to continue based upon the capture of fugitive Alberto Villarreal in Vancouver, British Columbia, Canada. The Government cites Villarreal's unavailability as legitimate grounds for a continuance pursuant to 18 USC 3161 (h)(3)(a).

4. The defendants contest the unavailability of Villarreal as relied upon by the Government. The Government is not entitled to the "unavailability" justification for a continuance because the "unavailability" of the witness is due to the procurement of the Government itself. <u>Motes v. U.S</u>. 178 U.S. 458, 474 (1900).

It was the United States who had control over the custody of Villarreal and it was the United States who took the risk of not opposing his detention in hopes of currying favorable testimony from him against co-defendants Santo Coleman and Harry Jones. The fact that the Villarreal absconded and is currently beyond the jurisdictional reach of the United States is not the creation or the responsibility of the defendants, but fall squarely on the shoulders of the United States.

5. And, no continuance may be granted for lack of failure to obtain available witness on part of the attorney for the government. See 18 USCA 3161 (h)(8)(c). Villarreal is available for trial as his whereabouts are known to the Government albeit in Vancouver, British Columbia, Canada. Additionally, no continuance may be granted for lack of diligent preparation on behalf of the attorney for the Government. See 18 USCA 3161 (h)(8)(c). The Government is guilty of lack of diligent preparation by deciding not file a motion to detain Alberto Villarreal in an effort to curry favor with him to give evidence against Santo Coleman and Harry Jones whom they moved to detain without bail. It was certainly foreseeable that an alien to the State of Alabama caught red handed with three kilograms of cocaine would be a substantial flight risk.

6. The Supreme Court of the United States has espoused a principle that no one shall be able to take advantage of his own wrong. Motes at 472. The Court should not allow the Government a continuance based upon its negligence in not opposing Villarreal's detention and the result that incurred because of it.

Wherefore, premises considered, the defendants pray that the Court deny the plaintiff's motion to continue.

Respectfully Submitted

___/s/ Joe M. Reed_____
Joe M. Reed
Attorney for Santo Coleman


/s/ Rodney Caffey
Rodney Caffey
Attorney for Harry Jones

Address of Counsel:
Faulk & Reed, LLP
524 S. Union Street
Montgomery, AL  36104
334.834.2000
334.834.2088 fax

Rodney Caffey, Attorney at Law
P.O. Box 2012
Montgomery, Alabama 36102

## Certificate of Service

I hereby certify that the foregoing was filed with the Clerk of the Court and that notice will be sent by the Clerk to the Honorable Terry Moorer, Assistant United States Attorney, P.O. Box 197, Montgomery, AL  36101 by electronic mail this 26th day of November, 2006.

___/s/ Joe M. Reed_____
Joe M. Reed
