IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-cr-215-MEF |
| | ) | (WO) |
| HARRY EDWARD JONES, III, *et al.* | ) | |

## **O R D E R**

On October 29, 2007, defendant Jones filed a Motion to Continue Trial (Doc. #179). Defendant Coleman filed a response to the motion (Doc. #181) on October 30, 2007. While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter. 18 U.S.C. §3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

The motion states that an additional defendant has been charged in the instant case and that a superseding indictment has been filed. Defense counsel anticipates that the inclusion of a new defendant might change defense strategy and/or reveal exculpatory information.

Additional time to investigate and be provided discovery as it relates to the new defendant is necessary. Counsel for the government and co-defendant Coleman do not oppose the motion to continue. Consequently, the court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial. *See United States v. Davenport*, 935 F.2d 1223, 1235 (11th Cir. 1991)(reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED:

1. That the defendant's motion filed on October 29, 2007 is GRANTED;

2. That the trial of this case is continued from the November 5, 2007 trial term to the January 14, 2008 trial term.

3. That the Magistrate Judge conduct a pretrial conference prior to the January 14, 2008 trial term.

DONE this 31st day of October, 2007.

        /s/ Mark E. Fuller
    CHIEF UNITED STATES DISTRICT JUDGE