IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-cr-215-MEF |
| | ) | (WO) |
| SANTO COLEMAN, *et al.* | ) | |

## **O R D E R**

On January 2, 2008, defendant Santo Coleman filed a Motion to Continue (Doc. #197). While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter. 18 U.S.C. §3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

The motion states that defense counsel has a conflict on January 14, 2008 and informed the court of this potential conflict at a status conference held in this case. Defense counsel has attempted to resolve the conflict in state court but those efforts have been unsuccessful. Counsel for the government as well as counsel for the co-defendant do not

oppose a continuance. Consequently, the court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial. *See United States v. Davenport*, 935 F.2d 1223, 1235 (11th Cir. 1991)(reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED:

1. That the defendant's motion filed on January 2, 2008 is GRANTED;

2. That the trial of this case is continued from the January 14, 2008 trial term to the April 7, 2008 trial term in Montgomery, Alabama.

3. That the Magistrate Judge conduct a pretrial conference prior to the April 7, 2008 trial term.

DONE this the 7th day of January, 2008.

                                /s/ Mark E. Fuller
                         CHIEF UNITED STATES DISTRICT JUDGE