IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| PLAINTIFF, | * |
| | * |
| v. | * CASE NO. 2:06CR-215-MEF |
| | * |
| HARRY EDWARD JONES, III, | * |
| DEFENDANT. | * |

**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS INDICTMENT AND BAR MISTRIAL**

Comes now Harry Edward Jones, by and through undersigned counsel, and files this motion and memorandum in support of dismiss indictment and bar mistrial and support thereof, states the following:

**I. DEFENDANT SHOULD BE GRANTED A DISMISSAL BASED ON PROSECUTORIAL MISCONDUCT BEFORE THE GRAND JURY.**

The defendant, during trial, learned that the Government told the Grand Jury which returned the superceding indictment that the defendant had already been indicted. Upon learning this during trial counsel moved for dismissal. The Court noted counsel's objection as timely given the jury had not even begun to deliberate and provided the parties an opportunity to file a supportive pleading on or before April 14, 2008. The case agaist Jones ended in a mistrial and Jones now seeks to bar a retrial based on the grand jury abuse.

Prosecutorial misconduct before the Grand Jury is reviewed for harmless error. *Bank of Nova Scotia v. United States*, 487 U.S. 250, 108 S. Ct. 2369, 101 L.Ed.2d 228 (1988). The indictment will not be dismissed by the court without a showing that the violation "substantially influenced the Grand Jury's decision to indict." *United States v. Mechanik*, 475 U.S. 66, 106 S. Ct. 938, 89 L.Ed.2d 50 (1986). There are exceptions to the harmless error rule that include cases in which the structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair, allowing the presumption of prejudice. *Bank of Nova Scotia* 487 U.S. at 257, 108 S. Ct. at 2374.

During the Defendant's trial, the Government provided the defense Joe Herman's Grand Jury testimony as Jenks material. Upon review counsel noted the Government, in seeking the superceding indictment, told the Grand Jury the defendant had already been indicted (Herman Grand Jury testimony, p. 19).

**A. Grand Jury Independent Function to Make Probable Cause Finding Destroyed by Government Conduct.**

As noted by the Supreme Court in *Bank of Nova Scotia v. United States*, 487 U.S. 250; 108 S. Ct. 2369; 101 L. Ed.2d 228 (1988) the essential mission of the Grand Jury is to act independently of the prosecution. It is clear from the above excerpts from AUSA Baer's comments to the Grand Jury that the decision to indict was unduly influenced by the Government.

The Grand Jury system requires only a probably cause finding. When the AUSA told the Grand Jury the Defendant had already been indicted, he, in essence, replaced the legal standard. The Grand Jury did not even have to make a probable cause finding. The problem in the case at bar does not deal with sufficiency of the evidence but instead the legal standard that essentially was replaced by the prosecutor based on what he told the Grand Jury that the defendants were already indicted. This is not a harmless but instead reversible error based in part on the prosecutor's shift of the standard. Application of the wrong legal standard can never be harmless error.

**B. Error Not Harmless.**

The core of our system of American jurisprudence mandates that criminal charges (unless specifically waived) must be filed from a formal indictment issuing from a duly empaneled Grand Jury after making a probable cause finding. The Government's conduct in this case removed from the Grand Jury this basic function by telling the Grand Jurors that the defendants had already been indicted.

There was simply no way that they were not harmed by the Government's conduct. The Government's conduct in this case will require Defendant to defend against a charge for which there was no probable cause. The Government's conduct on its face affected the Grand Jury's determination whether to indict this Defendant for the offenses charged. (See *United States v. Mechanik*, 475 U. S. 66, 106 S. Ct. 938; 89 L. Ed. 2d So. (1986)).

The Defendant argues that the Supreme Court holding in *Mechanik* that the petit jury's guilty verdict negated any error in the Grand Jury proceedings as harmless error beyond a reasonable doubt, is distinguishable from this case because the motion was made and preserved before the jury reached its verdict. This was done with a full understanding of the holding in *Mechanik*.

The Defendant argues that the Government's conduct before the Grand Jury was so egregious, given the limited function of the Grand Jury, that the case should be dismissed to deter this type of conduct in the future. After all, the Grand Jury sits without the presence or supervision of a Judge, is controlled by the prosecutor, and is subject to undue influence. It is reasonable to assume that absent the Government's undue influence on the Grand Jury as to their guilt, that the Grand Jury would not have indicted.

In *Mechanik*, the Court noted that it expressed no opinion as to what remedy may be appropriate for a violation of (Rule 6(d)) affecting the Grand Jury's charging decision which is brought to the Court's attention before commencement of the trial.

As Justice Burger wrote in his concurring opinion in *Mechanik*: "The Grand Jury has two principal functions. First, it bears the weighty responsibility of investigating crime and determining whether there is probable cause to believe that a crime has been committed." *United States v. Calandra*, 414 U.S. 338, 343 (1974). The second, and no less important, task of the Grand Jury is to "[serve] the invaluable function in our society of standing between the accuser and the accused, whether the latter be an individual, minority group, or other, to determine whether a charge is founded upon reason or dictated by an intimidating power or by malice and

3

personal ill will." *Wood v. Georgia*, 370 U.S. 375, 390 (1962).

The Federal Rules dictate that dismissal is appropriate only when a violation has impaired the substantial rights of the accused. (See Fed. Rule of Criminal Procedures 52.) Such is the case at bar.

Justice Burger went further in *Mechanik* to state:

"Even when an unremedied violation is proved, the trial judge must still be satisfied that the violation resulted in a Grand Jury intimidation or improper influence on important witnesses' testimony and thus had a 'substantial influence' on the indictment returned, or that there is grave doubt as to whether it had such effect." *Kotteakos*, *supra*, at 765; see also *Lane*, *supra*, at 449.

Justice Marshall in the dissent truly articulated the risk involved where prosecutors step over the line in Grand Jury proceedings wherein dismissal is mandated. This is noted in the following excerpts from his dissent:

"...The Grand Jury conducts its investigation in secret, aided only by the prosecutors and witnesses.

...We have recognized that harmless-error doctrine, denying any remedy in cases of clear prosecutorial misconduct, "can work very unfair and mischievous results.

...There are few limitations on the conduct of the prosecutor before the Grand Jury.

...The only way to allow even minimally effective enforcement of those rules is to reverse the convictions of defendants whose indictments were tainted by Rule 6 violations.

...Respect for the rule of law demands that improperly procured indictments be quashed even after conviction, because only by upsetting convictions so obtained can the ardor of prosecuting officials be kept within legal bounds and justice be secured; for in modern times all prosecution is in the hands of officials.

...The Grand Jury does not determine only that probable cause exists to believe that a defendant committed a crime, or that it does not. In the hands of the Grand Jury lies the power to charge a greater offense or a lesser offense; numerous counts or a single count; and perhaps most

significant of all, a capital offense or a non-capital offense- all on the basis of the same facts.

...Thus, even if a Grand Jury's determination of probable cause is confirmed in hindsight by a conviction on the indicted offense, that confirmation in no way suggests that the [discrimination] did not impermissibly infect the framing of the indictment and, consequently, the nature or very existence of the proceedings to come." *Vasquez v. Hillery*, s*upra*, at 263.

The Court in *Nova Scotia* further held:

"We adopt for this purpose, at least where dismissal is sought for non-constitutional error, the standard articulated by Justice O'Connor in her concurring opinion in *United States v. Mechanik*, supra, at 78. This standard is based on our decision in *Kotteakos v. United States*, 328 U.S. 750, 758-759 (1946), wherein construing a statute later incorporated into Rule 52(a)."

Addressing cases where dismissal is warranted the Court in *Nova Scotia* held:

"We think, however, that an alternative and more clear explanation is that these cases are ones in which the structural protections of the Grand Jury have been so compromised as to render the proceedings fundamentally unfair, allowing the presumption of prejudice.

In the cases before us, we do not inquire whether the Grand Jury's independence was infringed. Such an infringement may result in grave doubt as to a violation's effect on the Grand Jury's decision to indict, but we did not grant certiorari to review this conclusion.

Finally, we note that we are not faced with a history of prosecutorial misconduct, spanning several cases, that is so systematic and pervasive as to raise a substantial and serious question about the fundamental fairness of the process which resulted in the indictment." This is not so in the case at bar.[1]

Wherefore, it is clear that the Defendant's conviction should be vacated because of the arguments raised herein regarding the prosecutor's conduct before the Grand Jury and the denial of Defendant's rights based on the Grand Jury conduct.

---

[1] This same thing happened in *United States v. Moncrief*, case # 2:02-cv-00585-MHT-SRW, United States District Court, Middle District of Alabama.

Respectfully submitted,

    s/Susan G. James
    SUSAN G. JAMES
    Attorney at Law
    600 South McDonough Street
    Montgomery, Alabama 36104
    Phone: (334) 269-3330
    Fax: (334) 834-0353
    E-mail: sgjamesandassoc@aol.com
    Bar No: ASB7956J64S

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2008 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Steve Feaga
Assistant United States Attorney
P.O. Box 197
Montgomery, Alabama, 36101

Respectfully submitted,

    s/Susan G. James
    SUSAN G. JAMES
    Attorney at Law
    600 South McDonough Street
    Montgomery, Alabama 36104
    Phone: (334) 269-3330
    Fax: (334) 834-0353
    E-mail: sgjamesandassoc@aol.com
    Bar No: ASB7956J64S